UNPUBLISHED

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.    No. 03-4661

BRADLEY EDWARD MCKENZIE,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James P. Jones, District Judge.
(CR-02-130)

Submitted: April 30, 2004

Decided: May 19, 2004

Before WILLIAMS and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

B. L. Conway, II, CONWAY LAW FIRM, P.L.L.C., Abingdon, Virginia, for Appellant. John L. Brownlee, United States Attorney, R. Lucas Hobbs, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Following the district court's denial of his motion to suppress evidence, Bradley McKenzie pleaded guilty to one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g) (2000). McKenzie was sentenced as an armed career criminal to 180 months in prison. He now appeals, raising three issues. We affirm.

I

On September 2, 2002, authorities in Dickenson County, Virginia, received two separate requests that they check on the welfare of McKenzie's stepdaughter. Scott Stanley, an investigator with the Dickenson County Sheriff's Department, and Captain Jeff Green went to the McKenzie residence to perform a routine "welfare check." They were in street clothes, their guns were concealed, and they were wearing badges.

Stanley testified at the suppression hearing that McKenzie invited them inside the residence and granted their request to look for the stepdaughter. Based on McKenzie's demeanor and discussion with them, neither Stanley nor Green had any reason to think that McKenzie was incapable of giving valid consent to a search. Stanley and Green observed a marijuana bong when they entered the residence. As he walked through the home, Stanley saw guns in the bedroom of McKenzie's stepson. In the master bedroom, Stanley also saw marijuana on a dresser and a handgun and marijuana in a clear plastic bag under the bed.

Stanley and Green left the residence but returned upon discovering that McKenzie was a convicted felon. When they returned, the firearms had been removed from the residence, but the stepson informed the men where the guns were. The officers seized the firearms.

The district court denied McKenzie's motion to suppress evidence, including the firearms, seized from the residence on September 2. The court found that the officers were at the residence for a legitimate purpose, credited the testimony of Stanley and Green over that of McKenzie's wife, who denied that McKenzie invited them into the residence, and found that McKenzie's consent was valid and voluntary.

McKenzie then entered his guilty plea. Because he had three prior felony convictions for taking indecent liberties with a minor, McKenzie was found to be an armed career criminal, 18 U.S.C. § 924(e) (2000); *U.S. Sentencing Guidelines Manual* § 4B1.4 (2002). He was sentenced to 180 months in prison.

## II

McKenzie first claims that the district court should have granted his suppression motion. "In considering the district court's decision on a motion to suppress, [this Court reviews] the court's legal conclusions de novo and its factual findings for clear error, and [the Court views] the evidence in the light most favorable to the prevailing party below." *United States v. Jones*, 356 F.3d 529, 533 (4th Cir.), *cert. denied*, ___ U.S. ___, 72 USLW 3599 (U.S. Mar. 22, 2004) (No. 03-8850).

In light of Stanley's and Green's testimony, the district court did not clearly err in crediting their testimony over that of Mrs. McKenzie and concluding that McKenzie consented to a search of the residence. Further, Green's and Stanley's testimony establishes that the scope of the search did not exceed the consent given. *See id.* at 533. We conclude that the evidence was seized pursuant to a valid consent search.

## III

McKenzie next challenges his treatment as an armed career criminal. The presentence report states that on June 9, 1992, McKenzie was convicted on three counts of taking indecent liberties with a child. The offenses occurred between November 1991 and February 1992, when McKenzie was employed as a van driver for the Dickenson County Community Services Board. The convictions were for

offenses that occurred on different occasions, and each offense involved a different victim. Taking indecent liberties with a child, in violation of Va. Code Ann. § 18.2-370.1 (Michie 1996 & Supp. 2003), qualifies as a violent felony under our decision in *United States v. Pierce*, 278 F.3d 282 (4th Cir. 2002), because the statute, like that at issue in *Pierce*, "protects against the risk of physical injury and its violation therefore presents a serious risk of physical injury." *Id.* at 289. Given McKenzie's three separate convictions for violent felonies, he was correctly sentenced as an armed career criminal.

## IV

Finally, we reject McKenzie's various claims that § 924(e) is unconstitutional. We have previously held that "a fifteen-year sentence under [§ 924(e)] . . . is neither disproportionate to the offense nor cruel and unusual punishment, and thus does not violate the Eighth Amendment." *United States v. Presley*, 52 F.3d 64, 68 (4th Cir. 1995). Similarly, the armed career criminal sentencing enhancement does not violate the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *United States v. Sterling*, 283 F.3d 216, 219-20 (4th Cir. 2002). Finally, McKenzie's offense was not atypical and does not remove his offense from the heartland of offenses generally covered by the applicable guideline. *See United States v. Scheetz*, 293 F.3d 175, 190 (4th Cir. 2002).

## V

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*